IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-18-JJF |
| ANDRES RODRIGUEZ, | : |
| Defendant. | : |

REDACTED

## SUPERSEDING INDICTMENT

The Federal Grand Jury for the District of Delaware charges that:

### COUNT ONE

On or about May 27, 2004, in the District of Delaware, the defendant, ANDRES RODRIGUEZ, knowingly transferred and used, in and affecting interstate commerce, and without lawful authority, a means of identification of another person, to wit, two Puerto Rican birth certificates (xxx-xxxx-xxxxx-xxxxxx-xx4038 and xxx-xxxx-xxxxx-xxxxxx-xxxxxx-xxxx4836) and two social security cards (xxx-xx-7433 and xxx-xx-9358), with the intent to aid and abet unlawful activity that constitutes a violation of federal law, to wit, Title 18, United States Code, Section 1546(b), which prohibits the use of an identification document, knowing that the document was not issued lawfully for the use of the possessor, for the purpose of satisfying a requirement of Title 8, United States Code, Section 1324a(b), to wit, the verification by an employer of an alien's employment authorization status and identity, and as a result of this offense, the defendant obtained more than $1,000 in a one year period, all in violation of Title 18, United States Code, Sections 1028(a)(7) and (b)(1)(D).

## COUNT TWO

On or about July 20, 2004, in the District of Delaware, the defendant, ANDRES RODRIGUEZ, did knowingly possess in and affecting interstate commerce with the intent to transfer unlawfully six identification documents (other than those issued lawfully for the use of the defendant), to wit, two Puerto Rican birth certificates (xxx-xx-xxxxx-xxxxxx-xx4038 and xxx-776), one Pennsylvania birth certificate (xxxxx40-1984) and three social security cards (xxx-xx-7099, xxx-xx-5624, xxx-xx-9789), in violation of Title 18, United States Code, Sections 1028(a)(3), (b)(1)(A) and (b)(1)(B).

## COUNT THREE

On or about July 20, 2004, in the District of Delaware, the defendant, ANDRES RODRIGUEZ, did knowingly transfer and possess, without lawful authority, a means of identification of another person, to wit, three social security cards, two Puerto Rican birth certificates and a Pennsylvania birth certificate, during and in relation to a violation of Title 18, United States Code, Section 1028(a)(3), as set forth in Count Two above and incorporated fully herein by reference, all in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR

On or about March 10, 2005, in the District of Delaware, the defendant, ANDRES RODRIGUEZ, did knowingly possess in and affecting interstate commerce with the intent to transfer unlawfully seven identification documents (other than those issued lawfully for the use of the defendant), to wit, six social security cards (xxx-xx-6981, xxx-xx-7746, xxx-xx-9721, xxx-xx-6000, xxx-xx-8100, xxx-xx-1568) and one Puerto Rican birth certificate (xxx-xxxx-xxxxx-xxxxxx-xxxxxx-xxxx4009), in violation of Title 18, United States Code, Sections

1028(a)(3), (b)(1)(A) and (b)(1)(B).

## COUNT FIVE

On or about March 10, 2005, in the District of Delaware, the defendant, ANDRES RODRIGUEZ, did knowingly transfer and possess, without lawful authority, a means of identification of another person, to wit, six social security cards and one Puerto Rican birth certificate, during and in relation to a violation of Title 18, United States Code, Section 1028(a)(3), as set forth in Count Four above and incorporated fully herein by reference, all in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts One and Two of this Superseding Indictment, defendant Andreas Rodriguez shall forfeit to the United States pursuant to Title 18, United States Code, Sections 982 and 1028(b) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), and any personal property used or intended to be used to commit the offense including but not limited to the following:

1. MONEY JUDGMENT

A sum of money equal to $2,600 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One of this Superseding Indictment.

A sum of money equal to $3,900 in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Two of this Superseding Indictment.

2. SUBSTITUTE ASSETS

If any of the above-described forfeitable property, as a result of any act or omission of the

defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

A TRUE BILL:

_____
Foreperson

COLM F. CONNOLLY
United States Attorney

By: _____  Date: April 17, 2005
Adam Safwat
Assistant United States Attorney