*Filed in open court on 2/14/06 GB*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 06-03-JJF |
| | : Criminal Action No. 05-18-JJF |
| ANDRES RODRIGUEZ, | : |
| Defendant. | : |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney, and Penny Marshall, Esquire, attorney for the Defendant, ANDRES RODRIGUEZ, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count One of an Information in Criminal Action No. 06-03-JJF, which charges him with aiding and assisting in the preparation and presentation to the Internal Revenue Service of a false and fraudulent statement on Income Tax Return, Form 1040A, in violation of Title 26, United States Code, Section 7206(2). The Defendant agrees to waive indictment by grand jury with respect to the offense charged in Count One of the Information.

2. The essential elements of the offense charged in Count One, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant advised or assisted in the preparation of a tax return which was subsequently filed; (ii) the return

was false as to a material matter; and (iii) the Defendant acted willfully. The maximum penalties for Count One are three years imprisonment, a $250,000.00 fine, or both, one year of supervised release following any term of imprisonment, a $100.00 special assessment, and the costs of prosecution.

3.  The Defendant knowingly, voluntarily, and intelligently admits that, in the State of Delaware, he willfully assisted and counseled in the preparation of an individual tax return, Form 1040A, on behalf of another, which was then filed, and that the assistance included entering on the tax return a materially false exemption in the amount of $12,400. The Defendant further knowingly, voluntarily and intelligently admits that he knew that the taxpayer was not entitled to claim an exemption in that amount.

4.  The Defendant further agrees to plead guilty to Count Four of the Superseding Indictment filed in Criminal Action No. 05-18-JJF. Count Four charges the Defendant with knowingly possessing with intent to transfer unlawfully seven identification documents, in violation of Title 18, United States Code, Sections 1028(a)(3), (b)(1)(A) and (b)(1)(B).

5.  The essential elements of the offense in Count Four of the Superseding Indictment, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the Defendant was in knowing possession of five or more identification documents not issued lawfully for the Defendant's use; (ii) the possession affected interstate commerce; and (iii) the defendant intended to unlawfully transfer the identification documents in his possession. The maximum penalties for Count Four are fifteen years imprisonment, a fine of $250,000, or both, three years of supervised release following any term of imprisonment, and a $100 special assessment.

  6. The Defendant knowingly, voluntarily and intelligently admits that on March 10, 2005, in the State of Delaware, the Defendant was in possession of seven identification documents, to wit, six social security cards and one Puerto Rican birth certificate, none of which were lawfully issued to him. The Defendant further admits that the Defendant obtained these documents from Puerto Rico. The Defendant further admits that he intended to sell the identification documents in his possession to another person, knowing that the purchaser intended to sell them to individuals seeking to use the documents fraudulently for employment purposes in California.

  7. With respect to each offense to which the Defendant is pleading, if the offense level before consideration of acceptance of responsibility under U.S.S.G. § 3E1.1 is greater than sixteen, the United States will recommend a three-level reduction in the offense level for the Defendant's affirmative acceptance of responsibility under U.S.S.G. § 3E1.1; otherwise, the United States will recommend a two-level reduction in the offense level. The United States makes this recommendation because the Defendant has timely notified authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

  8. The Defendant agrees to pay the special assessment of $200.00 at the time of sentencing.

  9. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant

further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

10. If the Court sentences the Defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the Defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney

By: _____
Adam Safwat
Assistant United States Attorney

_____
Penny Marshall, Esquire
Attorney for Defendant

_____
Andres Rodriguez
Defendant

Dated: February 14, 2006

* * *

AND NOW this 14 day of February, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE JOSEPH J. FARNAN, JR.
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE